UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LUCIANO ACEVEDO,

    Plaintiff,

    v.

FLUOR ENTERPRISES, INC.,

    Defendant.

CIVIL NO. 14-2052 (NLH)(AMD)

OPINION

**APPEARANCES:**

STEPHEN LEDVA, JR.
MINTZER SAROWITZ ZERIS LEDVA & MEYERS
2070 SPRINGDALE ROAD
SUITE 400
CHERRY HILL, NJ 08003
    *On behalf of plaintiff*

FANNY ANN FERDMAN
S. JEANINE CONLEY
BAKER & HOSTETLER, LLP
45 ROCKEFELLER PLAZA
NEW YORK, NY 10012
    *On behalf of defendant*

**HILLMAN**, District Judge

    On February 19, 2016, the Court granted summary judgment in defendant's favor on plaintiff's claims that defendant violated his rights under 42 U.S.C. § 1981 and the New Jersey Law Against Discrimination when he was terminated from employment.[1]  Presently

---

[1] Because plaintiff brought his claims pursuant to 42 U.S.C. § 1981, as well as pursuant to New Jersey state law, the Court had jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1367.

before the Court is defendant's motion for attorneys' fees and expenses associated with plaintiff's prosecution of what defendant calls a meritless action.[2]  For the reasons expressed below, defendant's motion will be denied.

## BACKGROUND

The following background facts come from the Court's Opinion granting defendant's motion for summary judgment:

> Defendant, Fluor Enterprises, Inc., hired plaintiff, Luciano Acevedo, as an insulator helper at its DuPont Chambers Works construction site in Deepwater, New Jersey in March 2011.  Fluor has a policy of requiring its employees to submit to a drug test prior to receiving an offer of employment and to random drug tests periodically throughout Fluor's project sites.  Plaintiff passed the condition-of-employment drug test in March 2011, as well as a second random drug test on May 9, 2011.
>
> The impetus for this lawsuit is a second random drug test administered on September 4, 2012.  This test came back positive, and plaintiff was immediately informed by the collector that it was positive.  Plaintiff was sent home from work that day.  Defendant then sent the sample to a laboratory to be tested again, and on September 12, 2012, defendant received verification from the laboratory that plaintiff's sample was positive for cocaine.  Defendant terminated plaintiff's employment on September 13, 2012.
>
> Plaintiff claims that he does not take cocaine, and that the test was faulty.  Plaintiff claims that defendant handled his sample improperly, and defendant refused to return plaintiff's telephone calls regarding his requests to retake the drug test.  Plaintiff claims that if defendant had informed him that it would not retest him, and that he could

---

[2] Also pending is defendant's motion to seal certain documents in support of its motion for attorneys' fees and expenses. (Docket No. 52.)  Because the Court finds that the documents meet the requirements of Local Civil Rule 5.3(c), defendant's motion to seal will be granted.

> independently obtain another test before the time cocaine metabolizes out the system, he could have proven that he did not take cocaine. Because defendant contacted him seven days later, past the time cocaine would have remained in his system if he had taken it, plaintiff was unable to prove his innocence.
>
> Plaintiff attributes the alleged broken chain of custody and the stonewalling to his national origin. Plaintiff claims that because he is Dominican, he was subjected to continuous harassment and discrimination facilitated primarily by his Colombian superiors, which defendant failed to rectify despite his numerous complaints. Plaintiff contends that the mishandled drug test and defendant's refusal to help him exonerate himself was the culmination of the discrimination he suffered during his employment by his Colombian coworkers.

(Docket No. 46 at 1-3.)

In resolving defendant's motion for summary judgment, the Court concluded that "the materials in the record demonstrate that there is no genuine issue as to any material fact on plaintiff's claims that he was terminated from employment because of his national origin. The record does not support any basis for termination other than a positive result on a random drug test, which also caused the termination of several employees of various national origins at the same time as plaintiff." (Docket No. 46 at 12.)

Defendant is seeking reimbursement for all of its attorneys' fees and costs from the inception of plaintiff's case. Defendant summarizes its argument as follows:

3

>      Plaintiff did very little other than file this action, which resulted in significant expense for Fluor.  He sought no discovery.  Although Plaintiff produced the few documents in his possession, custody and control, he propounded no document requests or interrogatories, took no depositions and failed to ever provide formal responses to Fluor's document requests.  Plaintiff basically relied on one document: the copy of Plaintiff's drug test results given to Plaintiff on the day of the test, which, when produced, suspiciously had the word "Neg." written on it.  The bottom carbon copy of this document that went to the laboratory, however, which was identical to Plaintiff's copy in all other respects, did not have "Neg." written on it.  Plaintiff conceded that he could not identify who wrote the word "Neg." on the document, nor did he try to make that determination during discovery. He further admitted that the collector, who was the only other person present during the test and who attested that he did not write "Neg." on the document, informed Plaintiff that the test was positive at the time Plaintiff took the test.
>
>      As the prevailing party, Fluor is entitled to recover attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988, N.J.S.A. 10:5-27.1 and 28 U.S.C. § 1927.  Fluor requests that the Court enter an order awarding Fluor reimbursement of its attorneys' fees and expenses, in part because Fluor has been forced to defend a meritless action for over a year and a half, while Plaintiff both refused to prosecute or withdraw his claims.  Due to Plaintiff's prolonging of this frivolous action, Fluor has incurred approximately $70,172 in attorneys' fees and $1,433.83 in costs, as well as the cost of filing its current motion, [which adds an additional $6,500].

(Docket No. 50-1 at 5-6.)

The sanctions requested by defendant typically cannot be imposed through the wisdom of hindsight, and can only be assessed through the lens of what was reasonable at the time. Quiroga v. Hasbro, Inc., 934 F.2d 497, 502 (3d Cir. 1991) ("[The district court must resist the understandable temptation to engage in post

hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." (citation omitted)).  Sanctions in the form of attorneys' fees and reimbursement of costs cannot be used as a fee shifting device to contravene the American rule that each litigant covers its own legal expenses.  Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987) (discussing sanctions pursuant to Fed. R. Civ. P. 11).  Moreover, sanctions are not appropriate when a party's "only sin was being on the unsuccessful side of a ruling."  Id.; Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 297 (3d Cir. 2010) (citation omitted) (explaining that sanctions "must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute," and it "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories").  Finally, the sanctions requested by defendant are reserved for the exceptional circumstance where a claim is patently unmeritorious or frivolous, even though not brought in subjective bad faith.  See Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (assessing Rule 11 sanctions); Hughes v. Rowe, 449 U.S. 5, 14 (1980) (assessing the imposition of attorneys' fees and costs as a

5

prevailing party under 42 U.S.C. § 1988, and stating that the plaintiff's action "must be meritless in the sense that it is groundless or without foundation"); Quiroga, 934 F.2d at 502-03 (assessing the imposition of attorneys' fees and costs as a prevailing party under 42 U.S.C. § 2000e-5(k)).

The Court has thoroughly considered all of defendant's arguments, but does not find that defendant's request for the reimbursement of its attorneys' fees and expenses is warranted in this case.

In deciding defendant's motion for summary judgment, the Court was only required to assess the evidence in the record, and the Court found that the evidence did not support plaintiff's burden of showing that his termination for a positive drug test masked a different, discriminatory motive by defendant. The Court was not tasked with assessing the veracity of plaintiff's consistent proclamation that he never took cocaine, and instead accepted plaintiff's representation as true. The Court was also not in the position to doubt that plaintiff believed because he did not use cocaine, something else – namely discrimination due to his Dominican heritage – was at play. Plaintiff's case was tough, as it hinged on his ability to disprove an objective, bright-line reason for his termination, and prove his subjective beliefs. But

6

the Court cannot find that plaintiff's claim was frivolous, in the legal sense of that term which provides for assessing sanctions.

Relatedly, plaintiff's counsel's less-than-exhaustive participation in the discovery process suggests that it was due to the limited means by which plaintiff's claims could be proven, rather than his failure to properly pursue evidence to support plaintiff's case. Even though defendant complained to plaintiff's counsel and to the magistrate judge about its perceived shortcomings of plaintiff's case and counsel's involvement, it does not appear that defendant filed any formal motions for sanctions before the magistrate judge or this Court. Federal Civil Procedure Rules 11 and 37 exist to rectify all of defendant's concerns – at the time the concerning actions are occurring – that defendant has raised in its after-the-fact motion.

The Court acknowledges that plaintiff's case was thin, and that plaintiff's counsel would not have disserved his client if he advised plaintiff to voluntarily relinquish his claims prior to summary judgment.[3] The Court also acknowledges the time and

---

[3] It is worth noting that defendant initially moved to dismiss plaintiff's complaint, but that motion was mooted by plaintiff filing an amended complaint. Defendant answered the amended complaint, rather than filing another motion to dismiss the amended complaint.

7

expense suffered by defendant as a result of plaintiff's ultimately unmeritorious claims against it.  But the Court cannot find that the circumstances of plaintiff's claims and counsel's actions rise to the level that warrants the imposition of sanctions against plaintiff or his counsel.

## **CONCLUSION**

"Wherever the law draws a line there will be cases very near each other on opposite sides."  <u>U.S. v. Wurzbach</u>, 280 U.S. 396, 399 (1930).  Even though this case falls closer to the line than others, the Court concludes that it does not fall on the "patently unmeritorious or frivolous" side of the line.  Defendant's motion for the reimbursement of attorneys' fees and costs must be denied.

An appropriate Order will be entered.


Date: November 9, 2016              s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

8